UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BARBARA P.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. C26-5184-MLP<br><br>ORDER |

## I. INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends that the administrative law judge ("ALJ") erred by discounting her testimony. (Dkt. # 10.) The Commissioner filed a response arguing that the ALJ's decision is free of legal error, supported by substantial evidence, and should be affirmed. (Dkt. # 13.) Plaintiff did not file a reply. Having considered the ALJ's decision, the administrative record ("AR"), and the parties' briefing, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).[1]

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 2.)

## II. BACKGROUND

Plaintiff was born in 1963, has at least a high school education, and has worked as an accounts receivable clerk. AR at 28-29. Plaintiff was last gainfully employed in January 2021. *Id.* at 41-42.

In June 2021, Plaintiff applied for benefits, alleging disability as of January 5, 2021. AR at 17. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 85-86, 119-20. After the ALJ conducted a hearing in June 2025, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 17-30.

Using the five-step disability evaluation process,[2] the ALJ found, in pertinent part, that Plaintiff had severe impairments of degenerative joint disease of the bilateral hips and knees and chronic obstructive pulmonary disease. AR at 19. She had the residual functional capacity ("RFC") to perform sedentary work, standing or walking up to two hours per day and sitting up to six hours. *Id.* at 22. With this RFC, the ALJ found Plaintiff could perform her past work as an accounts receivable clerk as well as other work. *Id.* at 30.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-3. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

## III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may overturn the Commissioner's denial of social security benefits if the ALJ's decision rests on legal error or is not supported by substantial evidence. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a

[2] 20 C.F.R. §§ 404.1520, 416.920.

conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up). In applying this standard, the Court must consider the record as a whole to determine whether it contains sufficient evidence to support the ALJ's findings. *Id.*

Although the Court evaluates the record as a whole, it is not permitted to reweigh the evidence or substitute its judgment for that of the ALJ. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). The ALJ is tasked with evaluating testimony, resolving conflicts in the medical evidence, and addressing ambiguities in the record. *Smartt*, 53 F.4th at 494-95. Where the evidence can be interpreted in more than one rational way, the ALJ's decision must be upheld. *Id.* Even if the ALJ erred, reversal is not warranted unless the error affected the outcome of the disability determination. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The party challenging the ALJ's decision bears the burden of demonstrating harmful error. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## IV. DISCUSSION

### A. The ALJ Erred in Evaluating Plaintiff's Testimony

Absent evidence of malingering, an ALJ is required to provide clear and convincing reasons for discounting a claimant's testimony. *See Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017). That said, the ALJ is not required to believe every allegation, nor to analyze testimony line by line. *See Ahearn*, 988 F.3d at 1116; *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). The question is not whether this Court is convinced, "but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt*, 53 F.4th at 499.

Plaintiff testified that she cannot sit, stand, or walk for long periods of time due to hip and back pain. AR at 42-45. When she had a sedentary job, it was difficult to concentrate due to

the pain. *Id.* at 42-43. She can work on household chores for two to three hours a day but needs to stop every 15-20 minutes to sit and rest for 10-15 minutes. *Id.* at 45-46.

The ALJ discounted Plaintiff's testimony based on a "lack of corresponding objective clinical findings."[3] AR at 23-24. The ALJ cited diagnostic imaging of the hips and treatment records showing normal physical examination findings. *Id.* at 24-26. The ALJ did not explain why the imaging showing degenerative changes in the spine contradicted Plaintiff's testimony, and the Commissioner does not defend this reason. *Id.* at 24 (citing *id.* at 524). The Court, accordingly, turns to the remaining treatment records the ALJ relied on.

A claimant's testimony may be rejected for "specific discrepancies between her testimony and the objective medical evidence." *Smartt*, 53 F.4th at 498. "An ALJ, however, may not discredit the claimant's subjective complaints solely because the objective evidence fails to fully corroborate the degree of pain alleged." *Coleman v. Saul*, 979 F.3d 751, 756 (9th Cir. 2020).

The ALJ pointed to treatment records reporting Plaintiff's gait was mildly antalgic or normal. AR at 24-26 (citing *id.* at 1049, 1053, 1086, 1092, 1105, 1110, 1159-60); *but see id.* at 1110, 1159, 1172, 1176 (antalgic, severely antalgic, or moderately antalgic gait). Plaintiff testified that she could do chores involving walking, such as sweeping, for about 20 minutes before needing to sit down. *Id* at 45-46. The ability to walk for a few seconds across a doctor's examination room without a visibly painful gait does not contradict her testimony. The ALJ also cites treatment records with "no documentation" of gait deficits, but gait was not assessed in those visits. *Id.* at 24-26 (citing *id.* at 1182, 1186-87, 1189, 1195). The ALJ has not identified

[3] The ALJ also referred to "[i]nconsistent statements" but did not identify any. AR at 23.

any medical evidence contradicting Plaintiff's testimony that she cannot walk for long periods of time.

The ALJ's finding that the medical evidence contradicted Plaintiff's testimony was not supported by substantial evidence. The Court concludes the ALJ erred in discounting Plaintiff's testimony.

**B. Scope of Remand**

Plaintiff requests remand for further administrative proceedings. (Dkt. # 10 at 10-12.) Under the ordinary remand rule, the Court concludes further proceedings are warranted. *See Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017).

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reevaluate Plaintiff's testimony, reassess the RFC as necessary, and proceed to steps four and five as appropriate.

Dated this 4th day of August, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge